**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4705**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LEROY L. PERDUE, a/k/a Dink, a/k/a Big Heat, a/k/a Big Cuz,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:17-cr-00116-RAJ-RJK-1)

Submitted: October 1, 2019               Decided: October 4, 2019

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Daniel T. Young, Assistant United States Attorney, Aidan Taft Grano, Assistant United States Attorney, Alexandria, Virginia, John F. Butler, Assistant United States Attorney, Andrew Bosse, Assistant United States Attorney, William B. Jackson, Assistant United States Attorney, Norfolk, Virginia, Kevin Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Leroy L. Perdue was convicted of conspiracy to manufacture, distribute, and possess one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012), interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3)(A) (2012), and possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). We affirm.

Insofar as Perdue argues that a juror who was stricken for cause was on the jury, we note that the transcript had a typographical error that was corrected to show that the juror at issue did not sit on the jury. Regarding Perdue's challenge to the district court's denial of his motion to recuse, we conclude that the district court did not abuse its discretion in denying the motion. *United States v. Whorley*, 550 F.3d 326, 339 (4th Cir. 2008) (stating standard of review).

Perdue argues that the district court erred by increasing his offense level four levels for his role in the offense. *See* U.S. Sentencing Guidelines Manual § 3B1.1 (2016). Because Perdue did not raise this issue at sentencing, review is for plain error. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *Id*. at 685. If these requirements are satisfied, "we possess discretion on whether to recognize the error, but we should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted). We have reviewed the record,

including the presence report, and conclude that there was no error, much less plain error.

Lastly, Perdue argues that the district court failed to comply with the requirements of 21 U.S.C. § 851(b) (2012) by not asking Perdue before sentencing if he affirmed or denied the convictions listed in the 21 U.S.C. § 851(a)(1) (2012) notice. Because Perdue did not raise this issue in the district court, review is for plain error. *United States v. Ellis*, 326 F.3d 593, 598 (4th Cir. 2003). While the district court did not ask Perdue if he affirmed or denied the convictions, we conclude that Perdue failed to show that this error affected the outcome of the proceedings. *Id.* at 599.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*